### AIKEN et al. v. WESTCOTT.

*(Common Pleas of New York City and County, General Term.   May 18, 1888.)*

CARRIERS—LOSS OF GOODS—EVIDENCE.

In an action against an express company for the value of a trunk and its contents, it appeared that plaintiff gave defendant checks for two trunks, and that one of the trunks was received by defendant, and delivered to plaintiff.   Defendant had employes at the depot whose duty it was to receive all the baggage as it came in, mark it, and put it in its place, and deliver it when the checks came in.   These trunks arrived the day before the checks were delivered to defendant.   One of defend-

ant's employes testified to having received the two trunks at the depot. *Held*, that it was for defendant to explain why the trunk was not delivered, and that it was error to dismiss the complaint.

Appeal from trial term.

Action by James C. Aiken and others against Robert E. Westcott, as president of Westcott's Express Company, for the loss of a trunk. One Hudson, a salesman for plaintiffs, delivered the checks for two trunks to defendant's agent, but defendant delivered only one of the trunks. From a judgment dismissing the complaint, plaintiff appeals.

Argued before LARREMORE, C. J., and ALLEN and DALY, JJ.

*Abbott Bros.*, for appellants. *E. L. Hamilton*, for respondent.

DALY, J. There was evidence that the defendant's employes received the two trunks. It is proved that they received one trunk, and delivered it to the plaintiffs. There is no doubt that they received the other trunk at the same time. The witness Delaney, defendant's employe, identified two trunks, which were evidently the two in question. There was certainly sufficient evidence to require a submission of the question to the jury. The delivery of these trunks to Delaney was a delivery to the defendant. He, with other laborers or porters, were employed by the defendant to handle the baggage that came out of the cars on the incoming trains at the depot of the railroad in New York city. They helped to unload the baggage. It was their duty to, and they did, receive every piece of baggage as it came in, and put a tab on it, and place it in its proper place, and, when the checks came in, to deliver it. This was all done on the premises of the railroad company,—that is to say, in the depot of the company; but the persons into whose charge the property was given were not the servants of the railroad company, but of the defendant. The baggage was delivered into the custody of defendant's employes, placed there by defendant to receive it, and therefore was placed in the custody of the defendant. The defendant retained the custody of it until they received checks for it. The trunks in question arrived at the depot in New York city on the evening of December 29, 1884, and were then and there delivered by the railroad company, in the manner above stated, to the above-mentioned employes of the defendant. The checks were delivered the next next day, December 30, 1884, and on the train to New York, when near Poughkeepsie, by Hudson, to the agent of defendant, whose duty it was to solicit on the train orders for the delivery of baggage from passengers, and to receive from them checks for the same. We have, therefore, evidence showing that on December 19, 1884, the defendant received into its custody the plaintiffs' property, and the next day received the checks for it, and undertook to deliver it to plaintiffs. Uncontradicted, this evidence would have supported a verdict for the plaintiffs. It was for the defendant to explain why both trunks were not delivered. The judgment should be reversed, and a new trial ordered, with costs to abide event. All concur.